United States District Court
Southern District of Texas
**ENTERED**
August 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE CRUZ GARCIA PESCADOR, | § § | CIVIL ACTION NUMBER 4:26-cv-06156 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, | § | |
| *et al*, | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Pending is the third petition that Petitioner Jose Cruz Garcia Pescador has filed for writ of *habeas corpus* under 28 USC §2241, this time on July 30, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment. Id at ¶¶75–122. He also maintains that the petition isn't an abuse of the writ because an additional two months have passed since denial of his prior petition. Id at ¶¶9–11.

In his first petition, Petitioner raised claims before Judge George Hanks under both the Immigration and Nationality Act and the Due Process Clause. See 4:25-cv-06070 (SD Tex), Dkt 1. That petition was granted as to the statutory question only, with the government ordered to provide a bond hearing under 8 USC §1226(a). See 4:25-cv-06070, Dkt 13. A bond hearing then did occur on January 14, 2026. Bond was denied upon determination that Petitioner presented a flight risk. Dkt 1 at ¶2. Nothing in the record indicates that he appealed that decision by the immigration judge.

In his second application, before the undersigned, the petition was denied as moot upon determination that he had *already* received the requested bond hearing. And to the extent he requested outright release, his claims failed on the merits. See 4:26-cv-02222, Dkt 9. Petitioner didn't appeal that decision. Dkt 1 at ¶50.

Petitioner has now filed the present, third petition. Dkt 1. It will be denied because it is an abuse of the writ and lacks legal merit.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The Fifth Circuit has stated that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the claim in the previous petition." Ibid, citing *McCleskey v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference

2

by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McCleskey*, 499 US at 493–94 (citations omitted). Attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. A court needn't consider *prejudice* where a petitioner fails to show cause. Id at 118.

As noted above, Petitioner actually *obtained* the bond hearing that he pursued as a statutory matter with his first petition, although release was thereafter denied because he was found to be a flight risk. See Dkt 1 at ¶8. In his second petition, Petitioner asked for *another* bond hearing, contending that substantive and procedural due process somehow required a further hearing beyond the one he already recently obtained. He also requested outright release from custody. Those claims were rejected—as moot and, for the sake of completeness, on the merits—on May 20, 2026, and the petition was dismissed with prejudice. 4:26-cv-02222, Dkt 9 at 3.

Petitioner again reasserts due process claims in this third petition. Dkt 1 at ¶¶75–122. It is thus quite clear that the claims now presented were actually raised and disposed of on the merits previously. And yet, Petitioner maintains that he—or rather, his counsel—isn't abusing the writ because two months have passed since his prior petition was denied, which is asserted as materially altering such claims. Id at ¶¶10–11. Nothing could be further from the truth. For nothing in the petition suggests that an additional two months in custody disrupts the lawfulness of his detention in this context. And indeed, the dispositive order on the second petition cited *Herrera Estrada v Thompson*, which determined that the Government may detain aliens pursuant to §1225(b)(2)(A) while deportation proceedings are pending without offending substantive due process. 4:26-cv-02222, Dkt 9 at 3, citing 2026 WL 2000097, *2–4 (SD Tex).

More glaring is the failure of the petition on its merits. Petitioner admits that he has *already received* a bond

3

hearing under §1226(a), with bond denied upon an individualized determination that he presents a flight risk. Dkt 1 at ¶¶42–46. His second petition was in fact denied as moot *for the very reason that he had already received the bond hearing he sought.* 4:26-cv-02222, Dkt 9. Yet he argues that, because such hearing was seven months ago, due process now entitles him to another hearing. But he cites no persuasive legal authority for the proposition that the Government is obligated to provide an *additional* bond hearing after an individual has already been found ineligible for release on bond at the very hearing that was originally requested and obtained. For example, see id at ¶¶100–11 (contending that failure to provide periodic bond hearings creates substantial risk of erroneous continued detention).

What Petitioner in effect complains about, given the fact that he seeks an entirely new bond hearing, is the *denial* of his release by the immigration judge at the hearing he was afforded. But no such complaints are available in this proceeding, as §1226(e) specifically prohibits a district court from reviewing a decision under §1226(a) regarding denial of bond. See *Bustamante v Mukasey*, 286 F Appx 239, 240 (5th Cir 2008); *Fuentes v Lyons*, 808 F Supp 3d 733, 737 (SD Tex 2025): "[D]istrict courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." This independently undermines the arguments raised in the petition.

Beyond that, Petitioner's present detention under §1225(b)(2) comports with due process.

The Fifth Circuit issued a controlling decision on February 6, 2026, with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08. Such determination forecloses statutory arguments

4

under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit issued a separate decision on July 2, 2026, with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at 727–28. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See 2026 WL 2014647, *1 (5th Cir). This means that the panel opinion is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has previously determined that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A). See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex). Likewise, the pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention. *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex); see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above.

As such, it appears from the face of the petition that Petitioner isn't entitled to relief. The petition will thus be dismissed with prejudice on the basis presently submitted.

\* \* \*

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez* and may file a motion for reconsideration or a later petition if warranted on the merits after those proceedings conclude.

Counsel for Petitioner is ADMONISHED that the present petition comes perilously close to the necessity for inquiry into sanctions. It is one thing for *pro se* litigants in custody to overreach in their *habeas* petitions, as they are the individual in custody and may not fully appreciate the requirements of law. It is quite another entirely for such to be done by counsel. All practitioners in this field are no doubt aware that thousands of like petitions are currently pending. Abusive petitions such as the one at present— *particularly where a bond hearing was previously requested and received*—detract from judicial resources given to discerning whether petitions potentially have merit and warrant relief.

The petition for writ of *habeas corpus* by Petitioner Jose Cruz Garcia Pescador is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on August 6, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge